UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>    **Plaintiff,**<br><br>    v.<br><br>SAMANTHA POWER, Administrator, United States Agency for International Development, *et al.*,<br><br>    **Defendants.** | Civil Action No. 23-2637 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff has filed this lawsuit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*, against Samantha Power and Kenneth Bledsoe, Administrator and Agency Representative, respectively, of the United States Agency for International Development. See ECF No. 1 (Compl.). A former employee of USAID, Plaintiff alleges that Defendants discriminated against her based on protected characteristics, created a hostile work environment, and retaliated against her after she complained. Id. at 1. Because she is "concerned" about this case's "long-lasting impact to her career" and to her "physical and mental well-being," Plaintiff now moves to proceed under a pseudonym. See ECF No. 2 (Mot.) at 3. As Plaintiff has not made the detailed showing required to overcome the presumption in favor of disclosure, the Court will deny the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

I.      **Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of

1

litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.   Analysis**

Plaintiff has not met her burden to show that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity.  The Court will address each of the five factors in turn.

First, disclosure of Plaintiff's identity will not reveal any information of a "sensitive [or] highly personal nature."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97).  The Complaint

reveals no "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as sexual activities, reproductive rights, [and] bodily autonomy." Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). While Plaintiff contends that the "matters raised in this case (discrimination, retaliation, unlawful termination, evidence tampering, false statements, and an organized federal agency cover-up) are of a highly sensitive nature," Mot. at 2, those matters do not inherently involve the type of sensitive or personal information that justifies pseudonymous treatment. See Tolton v. Day, 2019 WL 4305789, at *4 (D.D.C. Sept. 11, 2019). On the contrary, "[e]mployment discrimination claims that closely resemble those of [P]laintiff are . . . frequently litigated in federal court using plaintiffs' full names and there is nothing inherently 'sensitive' or 'highly personal' about that fact that one was [subject to] alleged employment discrimination." Doe v. Garland, 2021 WL 3622425, at *2 (D.D.C. Apr. 28, 2021). Plaintiff, moreover, does not explain why "being disciplined by an employer or asserting Equal Employment Opportunity claims are the kinds of sensitive matters that warrant anonymity," and this Court's predecessor has explained that "disclosure of this kind of information is part of the 'annoyance . . . that may attend any litigation.'" Id. (quoting In re Sealed Case, 931 F.3d at 97).

To be sure, Plaintiff argues that this lawsuit could "damage" her "reputation, work experiences and career opportunities within and outside of the Federal government." Mot. at 2. Concerns about litigation threatening future employment opportunities are certainly relevant to the first factor. See Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020). Plaintiff's Motion, however, neither describes nor substantiates how disclosing her identity would in fact harm her professional prospects or reputation. All she offers appears conclusory. See Mot. at 2 ("Plaintiff is seeking reinstatement as a foreign service officer, which . . . is a

3

highly retaliatory, intimidating and career damaging culture."); id. at 3 ("Retaliatory actions related to this case have . . . impacted Plaintiff's career opportunities [and] impacted her financial opportunities . . . ."). She has not, for example, explained how her future employment opportunities would be threatened. See Bird v. Barr, 2019 WL 2870234, at *5 (D.D.C. July 3, 2019) (affording weight to professional consequences where plaintiff submitted declaration detailing how her "career could be jeopardized if her name were to be revealed"). Nor has she supported her allegation with evidence, such as a "sworn declaration[]," that might explain the professional consequences of revealing her identity. John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau, 195 F. Supp. 3d 9, 21 (D.D.C. 2016). Unfortunately for Plaintiff, "speculative and unsubstantiated claims of harm to [her] reputational or economic interests" — like the ones she has offered — "are insufficient to justify proceeding anonymously." John Doe Co. No. 1, 195 F. Supp. 3d at 22 (internal quotation marks and citation omitted).

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiff and to "innocent non-parties," also favors disclosure. See In re Sealed Case, 971 F.3d at 326 (internal quotation marks and citation omitted). Plaintiff does not claim that identification poses any risk to "innocent non-parties" here. Id. While she alleges that she has faced "[r]etaliatory actions related to this case" that have "caused damages to [her own] mental and physical health," Mot. at 3, she does not claim that disclosure of her identity — as opposed to the events giving rise to the case — would expose her to such harm. Similarly, while she claims that she has experienced "overwhelming stress due to fear of continued retaliation," id., she again does not assert that disclosure of her identity — as opposed to the fact of litigation — would expose her to such retaliation or compound any mental harm she has already suffered. Cf. Doe v. Cabrera, 307 F.R.D. 1, 7 (D.D.C. 2014) (finding this factor favored anonymity where

4

there was "grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing" by denying the motion). Nor does she "provide[] evidence that psychological damage or violent threats are anticipated if [her] identity is disclosed." Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 65 (D.D.C. 2019) (citation omitted).

Plaintiff instead alleges simply that the "matters raised in this case . . . pose the possibility of physical and mental harm." Mot. at 2. That may be so, but the second factor only favors pseudonymity where identification poses that risk. See Doe v. Moreland, 2019 WL 2336435, at *2 (D.D.C. Feb. 21, 2019) (finding that this factor counsels against pseudonymity where plaintiff's "concerns . . . are simply part of what may (or may not) come with filing a lawsuit"). Plaintiff also asserts that "she continues to be intimidated by Federal employees due to fear of what this case may expose." Mot at 2–3. To the extent that such employees already know her identity, however, they could theoretically retaliate against her for filing this lawsuit regardless of whether she is identified by name. Moreland, 2019 WL 2336435, at *2 (making this point). In sum, there is no basis in the record for the Court to conclude, at this stage, that there is a genuine risk of retaliatory physical or mental harm to Plaintiff posed by denying her Motion.

The third factor adds further weight to the scale supporting disclosure because Plaintiff's case does not implicate the privacy interests of any minors. Plaintiff is not herself a minor, nor was she a minor when the alleged facts occurred.

The next two factors, however, lend some support to Plaintiff's cause. With respect to the fourth, she has sued two government officers in their official capacities, and "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about reputation that private individuals have when they

5

are publicly charged with wrongdoing.'" J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Cabrera, 307 F.R.D. at 8); see also George Washington Univ., 369 F. Supp. 3d at 67 (distinguishing "private litigants, who presumably have concerns about their respective reputations"). This factor therefore supports proceeding pseudonymously, but only slightly, as Defendants (as is typical) have not had the opportunity to file an opposition to Plaintiff's Motion. As for the fifth factor, Defendants would suffer no "risk of unfairness" if the Motion were granted, as Plaintiff previously disclosed her identity in connection with her administrative complaints. See In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).

On balance, although the fourth and fifth factors favor Plaintiff, the first through third tip the scales toward disclosure. The Court therefore finds that Plaintiff has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. In re Sealed Case, 971 F.3d at 326.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is DENIED; and

2. Within fourteen days of the Court's Order, Plaintiff shall advise the Clerk of the Court whether she wishes to proceed with filing the Complaint on the public docket using her real name, and, if so, file such Motion on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: September 14, 2023